Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

ELYN SEGURA, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

INKAY CORP. (d/b/a FLOR DE BROADWAY), and STEPHANY LOPEZ-FULGENCIO,

*Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Elyn Segura ("Plaintiff Segura " or "Mr. Segura"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Inkay Corp.. (d/b/a Flor de Broadway) ("Defendant Corporation") and Stephany Lopez-Fulgencio (collectively, "Defendants"), as follows:

**NATURE OF ACTION**

1. Plaintiff Segura is a former employee of Defendants Inkay Corp. (d/b/a Flor de Broadway) and Stephany Lopez-Fulgencio.

2. Flor de Broadway is a Dominican Restaurant owned by Stephany Lopez-Fulgencio, located at 3395 Broadway, New York, New York 10032.

3. Upon information and belief, Defendant Stephany Lopez-Fulgencio serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the Dominican restaurant.

4. Plaintiff Segura is a former employee of Defendants.

5. Plaintiff Segura was employed as a dishwasher.

6. At all times relevant to this Complaint, Plaintiff Segura worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Segura the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Segura to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Segura and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Segura now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Segura seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Segura's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Segura was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Segura is an adult individual residing in Bronx County, New York.

15. Plaintiff Segura was employed by Defendants from approximately March 2015 until January 24, 2016.

16. Plaintiff Segura consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17. At all times relevant to this complaint, Defendants own, operate, and/or control a Dominican Restaurant located at 3395 Broadway, New York, New York 10032 under the name "Flor de Broadway."

18. Upon information and belief, Inkay Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3395 Broadway, New York, New York 10032.

19. Defendant Stephany Lopez-Fulgencio is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Stephany Lopez-Fulgencio is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

20. Defendant Stephany Lopez-Fulgencio possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

21. Defendant Stephany Lopez-Fulgencio determined the wages and compensation of the employees of Defendants, including Plaintiff Segura, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a Dominican Restaurant located at 3395 Broadway, New York, New York 10032.

23. Individual Defendant Stephany Lopez-Fulgencio possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Segura's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Segura, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Segura, and all similarly situated individuals, and are Plaintiff Segura's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Segura and/or similarly situated individuals.

28. Upon information and belief, individual defendant Stephany Lopez-Fulgencio operates Defendant Corporation as either an alter ego of herself , and/or fails to operate Defendant Corporation as a legal entity separate and apart from herself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for her own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for her own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of her own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect her own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Segura, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Segura's services.

31. In each year from 2015 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

Dominican restaurant on a daily basis, such as wines and spirits, were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Segura is a former employee of Defendants, employed in performing the duties of a dishwasher.

34. Plaintiff Segura seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Elyn Segura*

35. Plaintiff Segura was employed by Defendants from approximately March 2015 until on or about January 24, 2016.

36. At all relevant times, Plaintiff Segura was employed by Defendants as a dishwasher.

37. Plaintiff Segura regularly handled goods in interstate commerce, such as dishwashing liquids and cleaning utensils produced outside of the State of New York.

38. Plaintiff Segura's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Segura regularly worked in excess of 40 hours per week.

40. From approximately March 2015 until on or about January 24, 2016, Plaintiff Segura worked from approximately 3:00 p.m. until on or about 12:00 a.m., seven days a week (typically 56 hours per week).

41. Throughout his employment with defendants, Plaintiff Segura was paid his wages in cash.

42. From approximately March 2015 until on or about January 24, 2016, Plaintiff Segura was paid a fixed salary of $420 per week.

43. Plaintiff Segura's wages did not vary regardless of how many additional hours he worked in a week.

44. For example, Defendants required Plaintiff Segura to work an additional two hours every night without paying him any additional compensation.

45. Defendants never granted Plaintiff Segura any break or meal periods of any length.

46. Defendants did not provide Plaintiff Segura with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

47. Plaintiff Segura was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

48. Defendants never provided Plaintiff Segura with a written notice, in English and in Spanish (Plaintiff Segura's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Segura regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

50. Defendants regularly required Plaintiff Segura to work in excess of forty (40) hours per week without paying him the proper minimum and overtime wages.

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Segura (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

52. Plaintiff Segura was paid his wages entirely in cash.

53. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

54. By employing these practices, Defendants avoided paying Plaintiff Segura the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

55. Defendants failed to post required wage and hour posters in the Dominican restaurant, and did not provide Plaintiff Segura with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Segura's relative lack of sophistication in wage and hour laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Segura (and similarly situated individuals) worked, and to avoid paying Plaintiff Segura properly for (1) his full hours worked and (2) for overtime due.

57. Defendants failed to provide Plaintiff Segura and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Segura and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

59. Plaintiff Segura brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after

the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

60. At all relevant times, Plaintiff Segura and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

61. The claims of Plaintiff Segura stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

62. Plaintiff Segura repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Segura's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Segura (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66. Defendants failed to pay Plaintiff Segura (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay Plaintiff Segura (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Segura (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

69. Plaintiff Segura repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Segura's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Segura (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Segura (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

74. Defendants' failure to pay Plaintiff Segura (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Segura (and the FLSA Class members) has been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

76. Plaintiff Segura repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Segura's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Segura (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Segura (and the FLSA Class members) less than the minimum wage.

79. Defendants' failure to pay Plaintiff Segura (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Segura (and the FLSA Class Members) was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE LABOR LAW'S OVERTIME PROVISIONS**

81. Plaintiff Segura repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Segura (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

83. Defendants failed to pay Plaintiff Segura (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

84. Defendants' failure to pay Plaintiff Segura (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Segura (and the FLSA Class Members) was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

86. Plaintiff Segura repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants failed to provide Plaintiff Segura with a written notice, in English and in Spanish (Plaintiff Segura's primary language), of his rate of pay, regular pay day, and such

other information as required by NYLL §195(1).

88. Defendants are liable to Plaintiff Segura in the amount of $5,000, together with costs and attorney's fees.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

89. Plaintiff Segura repeats and realleges all paragraphs above as though set forth fully herein.

90. Defendants did not provide Plaintiff Segura with a statement of wages with each payment of wages, as required by NYLL 195(3).

91. Defendants are liable to Plaintiff Segura in the amount of $5,000, together with costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Segura respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Segura ' in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Segura and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Segura and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Segura's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Segura and the FLSA class members;

(f) Awarding Plaintiff Segura and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Segura and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Segura and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Segura and the members of the FLSA Class;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as

to Plaintiff Segura and the members of the FLSA Class;

(k) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Segura's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Segura's , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Segura and the FLSA Class members;

(n) Awarding Plaintiff Segura and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(o) Awarding Plaintiff Segura damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiff Segura and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q) Awarding Plaintiff Segura and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Segura and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 1, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

___/s/ Michael Faillace______________

By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


May 31, 2016

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Elyn A. Segura

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ELINGURA E.

Date / Fecha: 31 de mayo de 2016