**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELYN SEGURA and JORGE GONZALEZ
ALVAREZ, *individually*,

                                *Plaintiffs*,

          v.

INKAY CORP. (d/b/a/ FLOR DE BROADWAY),
and STEPHANY LOPEZ-FULGENCIO,

                           *Defendants*.

**Case No.1:16-cv-04099-LTS**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Defendants, Inkay Corp. d/b/a/ Flor de Broadway, ("Inkay" or the "Restaurant") and Stephany Lopez-Fulgencio (hereinafter and collectively "Defendants"), respectfully submit this Memorandum of Law in Support of their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

### PRELIMINARY STATEMENT

The instant motion raises only one issue: whether Plaintiffs' first and second causes of action for violation of the Fair Labor Standards Act (FLSA) fail, as a matter of law, because defendants Inkay is not an "enterprise engaged in commerce" as required by the FLSA.

Since the undisputed facts clearly establish that Inkay is not an "enterprise engaged in commerce", Defendants' motion must be granted with respect to Plaintiffs' FLSA claims. Thereafter, having dismissed Plaintiffs' federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and remand to state court for further proceedings.

## RELEVANT UNDISPUTED FACTS

The facts set forth in Defendant's Rule 56.1 Statement are fully incorporated by reference herein.

## **ARGUMENT**

### I.  **SUMMARY JUDGMENT STANDARD**

A motion for summary judgment shall be granted if the pleadings demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

The moving party initially bears the burden of demonstrating that no genuine issues of material fact remain. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this showing is made, the nonmoving party may not rely solely on "[c]onclusory allegations, conjecture, and speculation," *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir.2003) (internal citations and quotation marks omitted), but must present specific evidence in support of its contention that there is a genuine dispute as to the material facts. Fed. R. Civ. P.56(e). The Court should resolve all ambiguities in favor of the nonmovant "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (citing Fed. R. Civ. P. 56(c)).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth*

*Defects Found*, 51 F.3d 14, 18 (2d Cir.1995); *accord PepsiCo, Inc. v. Coca–Cola Co.*, 315 F.3d

101, 105 (2d Cir.2002). By contrast, to defeat a motion for summary judgment, the nonmoving

party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505,

and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or

on conclusory statements, or on mere assertions that affidavits supporting the motion are not

credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (citation omitted).

## II.   PLAINTIFFS' FLSA CLAIMS MUST BE DISMISSED WHERE THE EVIDENCE SHOWS THAT DEFENDANT INKAY CORP. IS NOT AN ENTERPRISE ENGAGED IN COMMERCE

To assert a violation for failure to pay minimum wage or overtime pay under the FLSA,

Plaintiffs must establish, among other things, that the corporate defendant is an "enterprise

engaged in commerce." 29 U.S.C. §§ 206 & 207.

To establish that Inkay is an "enterprise engaged in commerce" Plaintiffs must prove that

Inkay: (i) "has employees engaged in commerce or in the production of goods for commerce, or

that has employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce"; **and** (ii) whose "annual gross volume of sales made or

business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Even if, arguendo, Plaintiffs could establish that Inkay has employees "engaged in...

handling, selling, or otherwise working on goods or materials that have been moved in or produced

for commerce", they cannot, as a matter of law, establish that they are covered by the FLSA where

it is undisputed that Inkay's annual gross sales or business done falls below the $500,000 threshold

established by the statue. *Id*. Indeed, the tax returns presented by Defendants show that, for the

years 2012 through 2015, Inkay's gross earnings were merely $322,851 in 2012, $326,969 in 2013, $303,537 in 2014, and $ 317,907 in 2015. Thus, there is no material issue of fact regarding the FLSA's inapplicability to this action with respect to Inkay. *See Amparo v. Ink Point Tattoo*, No. 13 Civ. 7232, 2015 WL 224360, at *3 (S.D.N.Y. Jan. 15, 2015) (granting summary judgment to defendants where defendant's tax returns indicated that annual gross sales never exceeded $500,000 or more, and the FLSA was therefore inapplicable to the action); *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. D 300 (E.D.N.Y. 2014); (granting defendants' motion for summary judgment where the record as a whole, including tax returns and bank account statements, indicated that the restaurant did not meet the $500,000 threshold in terms of gross sales); *Yang Li v. Ya Yi Cheng*, No. 10 Civ. 4664, 2012 WL 1004854, at *4 (E.D.N.Y. Jan. 6, 2012) (granting summary judgment to defendants where there was "no evidence that defendant ... had gross revenues in excess of $500,000"), report and recommendation adopted, No. 10 Civ. 4664, 2012 WL 1004852 (E.D.N.Y. Mar. 23, 2012); *Xelo v. Mavros*, No. 03 Civ. 3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (granting summary judgment where "defendants have met their burden of demonstrating that there is no question of material fact with regard to [whether the defendants'] annual income" was under $500,000).

Accordingly, summary judgment in favor of Inkay must be granted on Plaintiffs' FLSA claims.

## III.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS'S REMAINING STATE LAW CLAIMS

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT & T Corp*., 138 F.3d 46, 57 (2d Cir.1998). A district court "may decline to exercise supplemental jurisdiction over a claim ... [where it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). "Courts in the Second Circuit

4

routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of Plaintiffs' claims arise under state law." *Yang Li*, 2012 WL 1004854, at *5 (collecting cases). Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment dismissing Plaintiffs' FLSA and NYLL claims against Defendants in their entirety and grant any and all further relief as may be just and proper.

Dated:  New York, New York
            April 19, 2017

*/s/ Martin E. Restituyo, Esq.*
By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*

5