UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELYN SEGURA and JORGE GONZALEZ ALVAREZ, *individually*,<br><br>*Plaintiffs*,<br><br>v.<br><br>INKAY CORP. (d/b/a/ FLOR DE BROADWAY), and STEPHANY LOPEZ-FULGENCIO,<br><br>*Defendants*. | Case No.1:16-cv-04099-LTS<br><br>**Rule 56.1 Statement of Material Facts** |

Defendants, Inkay Corp. d/b/a Flor de Broadway, ("Inkay") and Stephany Lopez-Fulgencio (hereinafter and collectively "Defendants") by their attorneys, the Law Offices of Martin E. Restituyo, P.C., in support of their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, submit the following Statement of Material Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York:

1. Defendant Inkay Corp. ("Inkay" or the "Restaurant") is a corporation organized and existing under the laws of the state of New York. Inkay operates a restaurant by the name of Flor de Broadway located at 3395 Broadway, New York, New York 10032. Dkt. # 20, Comp. ¶¶ 17-18.

2. Defendant Stephany Fulgencio-Lopez is the owner of the Restaurant. Ex. 1[1], Lopez Dep. 6:20-24. [2]

---

[1] References to "Ex.___" refer to the exhibits attached to the Declaration of Martin E. Restituyo in Support of Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56
[2] Deposition transcripts are being referenced as follows: Deposition of Stephany Lopez-Fulgencio is being cited as "Lopez Dep____", Deposition of Elyn A. Segura is being cited as "Segura Dep ____", and Deposition of Jorge Gonzalez is being cited as "Gonzalez Dep____".

3.     Since the commencement of this action Defendants have maintained that this court lacks jurisdiction to hear plaintiffs' Fair Labor Standards Act (FLSA) claims because Inkay is not an "enterprise engaged in commerce."

4.     To buttress their claim, Defendants provided plaintiffs with copies of the Restaurant's tax filings for the years 2012, 2013, 2014, and 2015. Exs. 2 – 5. The tax records show that Inkay had gross revenues of $322,851 in 2012, $326,969 in 2013, $303,537 in 2014, and $317,907 in 2015.[3]

5.     Notwithstanding Defendants evidence to the contrary, plaintiffs, in their First Amended Complaint, claim that "[i]n each year from 2015 to 2016, Defendants, both individually and jointly, had gross annual volume sales of not less than $500,000." Dkt#20, Comp. ¶ 31.

6.     When asked about this statement in their depositions, however, plaintiffs admitted to not knowing where that statement came from. To be sure, when Mr. Segura was asked his basis was for making that statement he answered, "I don't know." Ex. 6, Segura Dep. 26:23-27:2. When further asked whether he made that statement, he said, flatly "No."

> Q. Your complaint says that the restaurant had more than $500,000 in annual sales. What basis do you have for that?
>
> A. I don't know.
>
> Q. Di you make that statement?
>
> A. No

---

[3] Note, that given the timing of this case, the annual tax filing for fiscal year 2016 still has not been prepared or submitted. Nevertheless, Defendants expect that gross revenue will be consistent with the previous four years. To be sure, Defendants have not experienced the nearly 60% increase in gross revenue that would be required for them to surpass the $500,000 threshold required by the FLSA.

7. To be clear, Mr. Segura did not make and could not make any statements regarding the Restaurant's gross income because he worked at the Restaurant in the capacity of dishwasher and as such was not in a position to know about Inkay's finances. Segura Dep. 50:2-23.

8. Similarly, Mr. Gonzalez worked at the Restaurant as a kitchen helper and a cook. Ex. 7, Gonzalez Dep. 99:14-20. As a kitchen helper, his job was to get all of the ingredients ready for the cook and to prepare all of the fried foods. Gonzalez Dep. 100:3-10. As a cook, his sole job was to cook the meals that would be served to the Restaurant's customers from the steam table. 100:11-101:1. Both of his job duties took place in the "back of the house" away from customers, the register or the location of the Restaurant's money. Gonzalez Dep. 104:1-105:20.

9. Even though Mr. Gonzalez claims to have worked sporadically in order departments at the Restaurant, he admits that he never went out for deliveries, only used the register about three or four times total, and never placed purchase orders for the Restaurant. Gonzalez Dep. 106:21-108:4, 108:16-21, 109:4-17.

10. He further admits that he does not know the Restaurant's accountant (Gonzalez Dep. 111:11-13), and that neither Ms. Lopez nor anyone else ever sat down with him to review the Restaurant's finances (Gonzalez Dep. 111:14-20).  Notwithstanding, in an attempt to justify his statement regarding the $500,000 gross sales, Mr. Gonzalez claims that he was aware of Inkay's finances because people would go to the back and yell out the amount of gross sales per shift.  Gonzalez Dep. 111:21-113:18)

11. In addition to having little proof to back up his claims, the story seems even more unlikely after Mr. Gonzalez explains that the kitchen staff (which is where he worked) did not

3

deal with the money (Gonzalez Dep. 115:15-17), that he personally never kept track of these alleged earnings (Gonzalez Dep. 115:20-22), and that no one ever showed him the amounts that he claims they were publicly disclosing regarding gross sales (Gonzalez Dep. 116:3-23).

12. In sum, the evidence in this case indicates that Inkay Corp. does not have gross volume of sales of $500,000 or more, and is therefore not an enterprise engaged in commerce for the purposes of the FLSA.

Dated: New York, New York
April 19, 2017

*/s/ Martin E. Restituyo, Esq.*
By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*