UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELYN SEGURA and JORGE GONZALEZ ALVAREZ, *individually*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>INKAY CORP. (d/b/a FLOR DE BROADWAY), and STEPHANY LOPEZ-FULGENCIO,<br><br>*Defendants*. | Case No. 16-cv-4099 (LTS) |

---

**PLAINTIFFS ELYN SEGURA AND JORGE GONZALEZ ALVAREZ MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Dated:  New York, New York
        May 31, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

Table of Authorities………………………………………………………………………………...2

Preliminary Statement……………………………………………………………………………....4

Statement of Facts………………………………………………………………………………….5

Argument…………………………………………………………………………………………..6

    I.  THE SUMMARY JUDGMENT STANDARD……………………………………………6

    II.  ISSUES OF FACT AS TO FLOR DE BROADWAY'S GROSS ANNUAL REVENUES PRECLUDE SUMMARY JUDGMENT……………………………………………………..6

        A.  Enterprise Liability Is An Issue Of Fact Under The FLSA……………………………..6

        B.  The Factual Record Strongly Indicates That Defendants Are Subject To The FLSA As An Enterprise Grossing More Than $500,000 Annually…………………………….8

Conclusion………………………………………………………………………………………...11

# TABLE OF AUTHORITIES

**Cases**

Abramson v. Pataki, 278 F.3d 93 (2d Cir. 2002)……………………………………………….6

Benitez v. F & V Car Wash, Inc., 11-CV-01857 (DLI) (SMG), 2012 U.S. Dist. LEXIS 57520,
    2012 WL 1414879 (E.D.N.Y. Apr. 24, 2012)……………………………………………….7

Hellstrom v. U.S. Dept. of Veterans Affairs, 201 F.3d 94 (2d Cir. 2000)…………………………6

Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104 (2d Cir. 2000)………………...6

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013)……………………………………………6, 7

Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009)……………………….....6

James v. New York Racing Ass'n, 233 F.3d 149 (2d Cir. 2000)…………………………………..6

Lin v. Yeh's Bakery, Inc., 12-CV-2146 (JG), 2013 U.S. Dist. LEXIS 31711, 2013 WL 867436
    (E.D.N.Y. Mar. 7, 2013)……………………………………………………………………...7, 11

Monterossa v. Martinez Restaurant Corp., 11 Civ. 3689 (JMF), 2012 U.S. Dist. LEXIS 127811
    (S.D.N.Y. Sept. 7, 2012)……………………………………………………………………..7, 10-12

Pinto v. Allstate Ins. Co., 221 F.3d 394 (2d Cir. 2000)……………………………………….....6

Rubens v. Mason, 527 F.3d 252 (2d Cir. 2008)………………………………………………...6

Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290 (1985)……………………………7

Qian v. Siew Foong Hui, 2013 U.S. Dist. LEXIS 85595, 2013 WL 3009389
    (S.D.N.Y. June 14, 2013)…………………………………………………………………….10

Velez v. Vassallo, 203 F. Supp. 2d 312 (S.D.N.Y. 2002)……………………………………………7

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*………………………………………………...1

**Rules**

12 N.Y. C.R.R. § 146……………………………………………………………………………...1

Fed. R. Civ. P. 56……………………………………………………………………………...6

Plaintiffs Mario Hernandez Gomez and Mariana Velasquez, by their attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in opposition to Defendants', Inkay Corp. (d/b/a Flor de Broadway) and Stephany Lopez-Fulgencio (collectively referred to herein as "Defendants"), motion for summary judgment.

## Preliminary Statement

This action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law, alleging, *inter alia*, that Defendants (1) failed to pay Plaintiffs lawfully due minimum wages and overtime pay, (2) failed to maintain accurate recordkeeping of the hours worked, and (3) failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day. Defendants now seek summary judgment on all Plaintiffs' claims, on the ground that Plaintiffs cannot show either individual or enterprise coverage under the FLSA. Specifically, Defendants contend that they are not a covered as "an enterprise engaged in commerce" under the FLSA because they had gross annual sales of less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

In support of their motion, in addition to the requisite memorandum of law, Defendants submit only the declaration of Defendants' counsel, Martin E. Restituyo (the "Restituyo Dec.") (Doc. 26), claiming that Flor de Broadway generated less than $500,000 in annual gross sales for the years 2012, 2013, 2014, 2015. Plaintiffs note that, as an initial matter, the years 2012, 2013, and 2014 are irrelevant to this action, wherein both Plaintiffs were employed starting in 2015. The Restituyo Dec. attaches only the first page of the tax returns. Doc. 29, Ex. 5.

Defendants' threadbare motion for summary judgment should be denied. Defendants' evidence is entirely unreliable and highly questionable, on its face. Moreover, Plaintiffs' sworn testimony of their observations of the restaurant's gross annual sales conflicts with Defendants' tax returns. Accordingly, whether Defendants' annual gross sales exceeded $500,000, such that

- 4 -

Defendants were covered by the FLSA, is a genuine issue of material fact to be determined at trial. Summary judgment should therefore be denied.

## Statement of Facts

The following facts are taken from the declaration of Plaintiff Jorge Gonzalez Alvarez submitted herewith, the Restituyo Dec. and the exhibits annexed thereto, and Defendants' Rule 56.1 Statement.

Defendants own and operate a restaurant known as "Flor de Broadway" located at 3395 Broadway, New York, New York 10032.  (Defendants' Rule 56.1 Statement ¶ 1). During the time period in question, Flor de Broadway was open 365 days a year, and it did not close for any holidays throughout the year.  (Jorge Gonzalez Alvarez Dec. ¶ 7).  At any given time, there were approximately twenty employees working in the restaurant. (*Id.* ¶ 8).  Mr. Gonzalez has testified that at all relevant times, Flor de Broadway made between seven to nine thousand dollars per day in sales on weekdays and between nine to eleven thousand dollars per day in sales on weekends. Accordingly, Flor de Broadway earned far over $500,000.00 per year in gross sales. (*Id.* ¶ 10).

**Argument**

I.     **THE SUMMARY JUDGMENT STANDARD**

A district court should grant summary judgment only when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also* Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). "Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." James v. New York Racing Ass'n, 233 F.3d 149, 152 (2d Cir. 2000).

A court must always "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." Irizarry v. Catsimatidis, 722 F.3d 99, 103 n. 2 (2d Cir. 2013) (*quoting* Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008)); *see also* Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002) (on summary judgment court must "resolve ambiguities and draw reasonable inferences against the moving party").  Only then, the court is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).  Before granting summary judgment, the non-movant "must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." Hellstrom v. U.S. Dept. of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

II.    **ISSUES OF FACT AS TO FLOR DE BROADWAY'S GROSS ANNUAL REVENUES PRECLUDE SUMMARY JUDGMENT**

   **A. Enterprise Liability Is An Issue Of Fact Under The FLSA**

The FLSA protects all workers "engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or the production of goods for commerce." 29 U.S.C. § 207(a)(1). "The two categories are commonly referred to as 'individual' or 'enterprise' coverage." Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009). Thus,

an employee can be protected by the FLSA if she is directly engaged in commerce, <u>or</u> if she is employed by an enterprise engaged in commerce or the production of goods for commerce.

An "enterprise engaged in commerce or the production of goods for commerce" is any enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"… with an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i-ii).  Courts construe the FLSA "liberally to apply to the furthest reaches consistent with congressional action." <u>Irizarry</u>, 722 F. 3d at 103 (*quoting* <u>Tony & Susan Alamo Found. v. Sec'y of Labor</u>, 471 U.S. 290, 296 (1985)).

At the summary judgment stage, plaintiffs need not prove that the defendant enterprise has annual gross income of more than $500,000; rather, they "need only show that there is a material dispute of fact regarding that issue." <u>Monterossa v. Martinez Restaurant Corp.</u>, 11 Civ. 3689 (JMF), 2012 U.S. Dist. LEXIS 127811 at *8 (S.D.N.Y. Sept. 7, 2012).  "[T]he question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction." <u>Lin v. Yeh's Bakery, Inc.</u>, 12-CV-2146 (JG), 2013 U.S. Dist. LEXIS 31711, *5, 2013 WL 867436 (E.D.N.Y. Mar. 7, 2013) (*quoting* <u>Velez v. Vassallo</u>, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002)); *see also* <u>Benitez v. F & V Car Wash, Inc.</u>, 11-CV-01857 (DLI) (SMG), 2012 U.S. Dist. LEXIS 57520, *2-*3, 2012 WL 1414879 (E.D.N.Y. Apr. 24, 2012) ("the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability").

Here, as detailed below, there exists a material fact dispute as to Defendants' gross annual sales.  Defendants' motion for summary judgment should thus be denied because a reasonable trier

of fact could find that Defendants had annual gross volume of sales in 2015, the only year of significance for which a tax return exists, of at least $500,000.

### B. The Factual Record Strongly Indicates That Defendants Are Subject To The FLSA As An Enterprise Grossing More Than $500,000 Annually

As established, the factual record in this matter strongly militates towards a finding that Defendants are, in fact, an enterprise subject to the FLSA. Nevertheless, a material dispute of fact remains over whether Flor de Broadway had annual gross sales of $500,000 or more from 2011 to 2015, and that fact dispute precludes summary judgment.

In support of their motion, Defendants rely entirely on their tax returns as evidence that Flor de Broadway did not have gross sales of $500,000 in certain years covered by plaintiffs' claims. Naydenskiy Dec., Ex. 5 (Doc. 26). However, the tax returns are unreliable and do not satisfy Defendants' burden of demonstrating the absence of a disputed issue as to whether Defendants are covered by the FLSA.

According to the tax returns, Flor de Broadway had the following gross receipts and paid the following amounts in salaries and wages to non-officers:

| Year | Annual Gross Receipts[1] | Implied Daily Gross Receipts[2] | Annual Salaries & Wages[3] | Implied Daily Salaries & Wages[4] |
|---|---|---|---|---|
| 2015 | $ 317,907.00 | $ 870.98 | $ 77,963.00 | $ 213.60 |

Doc. 26, Ex. 5.

On their face, Flor de Broadway's tax returns are highly suspect, if not outright unbelievable. The restaurant was open 365 days per year, from 6:30 a.m. until 11:00 p.m. each day during the period

---

[1] *See* Line 1a on the various tax returns.
[2] These calculations represent the number at Line 1b divided by 365.
[3] *See* Line 13 on the various tax returns.
[4] These calculations represent the number at Line 8 divided by 365

in question (Gonzalez Dec. ¶ 7), yet the tax returns reflect implausibly low annual gross receipts and daily salaries and wages.

Take the annual gross sales, for instance. The Plaintiffs' returns suggest the restaurant made gross sales of 870.98 per day in 2015, despite the restaurant maintaining approximately twenty employees at any given time. (Gonzalez Dec. ¶8). As for the salaries and wages reflected in the tax returns, if these tax returns are to be believed, Flor de Broadway paid each of its twenty non-officer employees at any given time $10.68 *per day* to work at the restaurant. These numbers are simply not credible.

This evidence that Defendants' tax returns are unreliable is enough, on its own, to defeat Defendants' summary judgment motion. Monterossa, 2012 U.S. Dist. LEXIS 127811 at *9-*10 (evidence that defendants' tax returns were inconsistent with business records "in itself, would be enough to defeat Defendants' motion for summary judgment").

In addition to the glaring facial defects in Flor de Broadway's tax returns that render them unreliable, Plaintiffs' declarations themselves raise a material issue of fact as to whether Flor de Broadway had annual gross volume of sales of $500,000 or more in the year 2015. Mr. Gonzalez's testimony suggests that the Defendants made well over $500,000.00 a year during the period of his employment (Gonzalez Dec. ¶¶8-10).

Thus, Plaintiffs' declarations in and of themselves demonstrate that there is a material issue of fact as to whether Flor de Broadway earned $500,000 or more in gross annual sales. Monterossa is directly on point here. In that case, the plaintiffs submitted declarations estimating that the defendant restaurant grossed between $2,000 and $5,000 a day. Monterossa, 2012 U.S. Dist. LEXIS 127811 at *10. The court held that though the plaintiffs' testimony may be self-serving or inaccurate, given that the restaurant is open 365 days a year, "it would gross well over $500,000 annually even if Plaintiffs considerably overestimated the Restaurant's daily earnings." *Id.* The same is true here.

Likewise, in Lin, in response to the defendant's submission of tax returns purporting to show less than $500,000 in annual gross sales, plaintiff offered sworn testimony that the defendant grossed more than $2,000 per day on average. 2013 U.S .Dist. LEXIS 31711, at *7. The court held that in light of the plaintiff's testimony, the defendant's "tax returns fall short of establishing as a matter of law that the annual gross income of the bakery falls below the FLSA threshold." *Id.*

Similarly, in Qian v. Siew Foong Hui, 2013 U.S. Dist. LEXIS 85595, 2013 WL 3009389 (S.D.N.Y. June 14, 2013), the court denied summary judgment to a defendant who submitted its tax returns as evidence that the restaurant did not have $500,000 or more in gross annual sales. Plaintiff demonstrated that he had sufficient knowledge of the restaurant's sales, and identified discrepancies in defendant's records. The court noted that "there is substantial precedent suggesting that tax returns are not dispositive and the veracity of those documents can be questioned by a Plaintiff," *Id.*, 2013 U.S. Dist. LEXIS 85595, at *9, and denied summary judgment due to the disputed issues concerning the completeness and veracity of defendants' submissions. *Id.*, 2013 U.S. Dist. LEXIS 85595, at *10.

In sum, Defendants have not proven that Flor de Broadway's annual gross sales fall below the FLSA threshold of $500,000. The only evidence Defendants offers—their tax returns—is unreliable and likely false. Additionally, the declaration testimony of Plaintiffs demonstrates that there are material disputes of fact regarding the issue of Defendants' enterprise liability.

Accordingly, there are material disputes of fact over the issue of Flor de Broadway's annual gross sales, and summary judgment should be denied. *See* Lin, 2013 U.S. Dist. LEXIS 31711 at *6-*8 (summary judgment denied where defendants' tax returns contradicted by plaintiff's testimony); Qian, 2013 U.S. Dist. LEXIS 85595, at *9-*10 (summary judgment denied where the completeness and veracity of tax defendants' tax returns and financial records was questioned); Monterossa, 2012 U.S. Dist. LEXIS 127811, at *7-*11 (summary judgment denied where defendants' tax returns were

unsigned and of dubious accuracy, and plaintiffs attested that restaurant grossed between $2,000 and $5,000 a day).

## Conclusion

Based on the foregoing, the Court should deny Defendants' motion for summary judgment.

Dated: New York, New York  
       May 31, 2017

Respectfully submitted,

   /s/_____  
Shawn Clark Esq. [SC-6015]  
MICHAEL FAILLACE & ASSOCIATES, P.C.  
One Grand Central Place  
60 East 42nd Street, Suite 2540  
New York, New York 10165  
Tel: (212) 317-1200  
Fax: (212) 317-1620  
*Attorneys for Plaintiffs*