UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELYN SEGURA and JORGE GONZALEZ ALVAREZ, *individually*,<br><br>*Plaintiffs*,<br><br>v.<br><br>INKAY CORP. (d/b/a/ FLOR DE BROADWAY), and STEPHANY LOPEZ-FULGENCIO,<br><br>*Defendants*. | Case No.1:16-cv-04099-LTS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Defendants, Inkay Corp. d/b/a/ Flor de Broadway, ("Inkay" or the "Restaurant") and Stephany Lopez-Fulgencio (hereinafter and collectively "Defendants"), respectfully submit this reply brief in further support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

### ARGUMENT

**I.   SUMMARY JUDGMENT MUST BE GRANTED IN FAVOR OF DEFENDANTS A MATTER OF LAW WHERE PLAINTIFFS FAILED TO REBUT THE PRESUMPTION THAT INKAY IS NOT AN ENTERPRISE ENGAGED IN COMMERCE**

As detailed in Defendants' opening brief, it is undisputed that Inkay's annual gross sales or business done falls below the $500,000 threshold established by 29 U.S.C. § 203(s)(1)(A). In order to prove this point, and to show consistency over time, Defendants provided tax returns for a period even more expansive than Plaintiffs' claims. As detailed in those certified income tax returns, for the years 2012 through 2015, Inkay's gross earnings were merely $322,851 in 2012, $326,969 in 2013, $303,537 in 2014, and $317,907 in 2015. Thus, because Inkay's gross revenues fall far below the $500,000 FLSA statutory minimum, Inkay is not an "enterprise

1

engaged in commerce" and all of Plaintiffs' claims against it must be dismissed. 29. U.S.C. §§ 206 & 207.

Plaintiffs attempt to defeat this irrefutable fact by submitting a Declaration[1] from plaintiff Gonzalez claiming that the manager of the restaurant "would inform us that the restaurant made approximately four to five thousand dollars per day on a weekday morning shift, and three to four thousand per day on an evening shift" and on weekends "six thousand dollars in the morning and four thousand dollars in the evening." (Gonzalez Decl. ¶9).  Even if the Court were to accept this version of Mr. Gonzalez's story over the one that he provided at his deposition, under oath, where he admitted to not knowing anything about the Restaurant's finances (See Restituyo Decl. ¶¶ 10 – 11)[2], Plaintiffs' fail to present one iota of actual evidence to refute this fact.  Instead plaintiffs invite the court to engage in conjecture and speculation, in hopes of distracting it from the complete lack of evidence to support their theory.

In addition to being wrong on the facts, plaintiffs are equally wrong on the law.  Indeed, case law shows that even attacks on the credibility of tax returns must be supported by more than mere guesses. *See Jian Long Li v. Li Qin Zhao*, 35 F. Supp. D 300, 306 (E.D.N.Y. 2014) ("It is not enough for Li to argue that the tax returns did not credibly report the restaurant's gross sales, when considered alongside its costs, without furnishing "concrete" and "affirmative" evidence to

---

[1] It is interesting to note that Mr. Gonzalez submitted a Declaration even though he is not an officer of the court.  A declaration is very similar to an affidavit, but unlike an affidavit, it is not witnessed and sealed by an official such as a notary public.

[2] At his deposition Mr. Gonzalez did not claim Valentin, the manager, advised him of the Restaurant's finances but instead alleged that he was aware of Inkay's finances because "the people at the cash register" would go to the back and yell out the amount of gross sales per shift. Gonzalez Dep. 111:21-113:18). In addition to augmenting this portion of the story, Mr. Gonzalez would have the Court overlook his testimony indicating that, among other things, he personally never kept track of these alleged earnings (Gonzalez Dep. 115:20-22), and that no one ever showed him any documents that would back up these alleged numbers (Gonzalez Dep. 111:14-20, 116:3-23).

support the conclusion that the restaurant's gross sales were more than $500,000 every year.") Similarly, in *Amparo v. Ink Point Tattoo*, the Court rejected plaintiff's argument challenging the accuracy of Defendants' tax returns and alleging a failure to report income, explaining that "Plaintiff's own speculation is insufficient to create an issue of material fact, particularly where the tax returns at issue were signed, and included the name and contact information for the accountant who prepared them." No. 13 Civ. 7232, 2015 WL 224360, at *3 (S.D.N.Y. Jan. 15, 2015). Here, the tax returns were prepared, signed and certified by a CPA, Juan R. Valiente. (Exhibits 2-5, Decl. of Martin E. Restituyo in Support of Defendants Motion for Summary Judgment).

Plaintiffs' reliance on *Qian v Siew Foong Hui*, 2013 U.S. Dist. LEXIS 85595, 2013 WL 3009389 (S.D.N.Y. June 14, 2013) is unwarranted. There, unlike here, the plaintiff demonstrated great familiarity with the company's finances as a consequence of working as a deliveryman, meeting twice a day with the owners and other employees to discuss the restaurant's finances and to discuss and distribute tips. 2013 U.S. Dist. LEXIS 85595 at *3. None of those factors are present here. Here, both plaintiffs testified that they had no firsthand knowledge about the Restaurant's finances. Indeed, they were both kitchen workers, neither of who worked the register, delivered food, or collected customer money. The fact that they were not tipped employees is also instructive to shed light on their ignorance of how customers paid. To suggest, as Plaintiffs' do here, that Court should reject Inkay's certified tax returns based on Mr. Gonzalez's ever-changing story as to what he claims to have overheard about the Restaurant's finances lacks the analytical rigor employed by the Court in *Qian*.

Notwithstanding, Plaintiffs' attempt to confuse the issues, this Court is tasked with determining whether there are any facts to support Plaintiffs' allegations against Defendants. Here there are none.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for summary judgment and grant any and all further relief as may be just and proper.

Dated: New York, New York
June 16, 2017

*/s/ Martin E. Restituyo, Esq.*
Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*